In the Matter of the Town of Lee, Petitioner, v City of Rome et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Environmental Conservation which set water rates to be paid by petitioner. On January 19, 1968, the City of Rome and the Town of Lee entered into an agreement whereby Rome would provide water to the Lee Water District at stated rates. The contract was for a period of five years with an automatic renewal for an additional five years. The contract provided that after the first four years, either party could give notice to the other of their intention to terminate the contract, with such termination to take effect no sooner than one year from the time of notice. Additionally, water rates were to be subject to negotiation and the one-year notice of termination if, in any year, Rome's water department budget exceeded its 1968 appropriation by more than 10%. Commencing in April of 1970, the representatives of Rome initiated attempts to renegotiate the water rates upon the basis of a rise of more than 10% in its water department budget over 1968. Although meetings were held, no new rates were agreed upon and the contract continued in full force and effect. By letter dated April 6, 1976, the Mayor of Rome gave notice that it was terminating the contract effective April 6, 1977. Following the notice, Rome and Lee continued negotiations, which proved unsuccessful. When Rome advised Lee that the water supply would be cut off as of September 30, 1977, Lee obtained court orders prohibiting such action pending a determination by the Department of Environmental Conservation (ENCON). On July 12, 1978, Rome applied to ENCON for an order setting the rate pursuant to section 15-1521 of the Environmental Conservation Law. ENCON issued a decision dated May 11, 1979 which made the rate effective as of January 1, 1977. In this transferred CPLR article 78 proceeding, only the propriety of the commissioner's action in making the water rates retroactive is challenged. The rates themselves are not otherwise reviewed. Section 15-1521, in its pertinent part, provides as follows: *"On any application for a new or additional water supply or source of water supply,* the department may require or authorize any applicant * * * to supply water to any area of the state * * * The amount of water so to be taken and the *price to be paid* therefor may be agreed upon between the applicant and the taker of the water, or if they cannot agree, fair and reasonable * * * rates shall be, after the hearings thereon, fixed by the department * * * Any such agreement or determination of the department may from time to time be modified by further agreement between the parties affected thereby or by the further order of the department." (Emphasis added.) Since the contract between the parties provided that either party could terminate the agreement after four years, and, further, upon the election of either party to terminate, such termination would be effective no sooner than one year from the date of notice of such action, the letter of the City of Rome terminating the contract, dated April 6, 1976, must be construed as fixing the contract rate until April 6, 1977.

Since the applicable law provides that ENCON will set rates only if the parties cannot agree (ECL 15-1521), it appears that the viability of the contract between the parties until April 6, 1977 effectively negates any departmental jurisdiction until that date. Accordingly, ENCON's determination should be modified by annulling so much thereof as made the rates retroactive prior to April 6, 1977. Determination modified, on the law, by annulling so much thereof as made the water rates retroactive prior to April 6, 1977, and, as so modified, confirmed, without costs. Mahoney, P. J., Greenblott and Mikoll, JJ., concur.

Main and Herlihy, JJ., dissent and vote to confirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). On the question of retroactivity, section 15-1521 of the Environmental Conservation Law provides upon its face that any agreement of parties or determination of ENCON is subject to further order of ENCON. Accordingly, the interpretation of the statute by ENCON as giving it the power to set rates on a retroactive basis is not unreasonable and is not limited by the time when an application for adjudication is made. Upon the present record, there were various dates which could have been adopted by ENCON. The date when the application was made could present a rational basis for retroactivity. Further, the date when the contract terminated could reasonably be the time when the rate power became essential to resolve the dispute. Upon consideration of the record as a whole, it cannot be said that selection of January 1, 1977, as the date when a rate set by ENCON should be effective, is arbitrary and capricious. The record discloses that shortly before January 1, 1977 the parties had reached a tentative agreement on an increased rate to be effective January 1, 1977, not substantially different from that now found by ENCON to be reasonably fair, but the agreement had not been duly implemented. Given the lengthy negotiations between the parties and the tentative agreement, on the record, there is a rational basis for selection of January 1, 1977. (Matter of Pell v Board of Educ., 34 NY2d 222.) The determination reflects due consideration of all of the contentions of the petitioner. The determination should be confirmed and the petition dismissed.